**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **LARRY BUTLER,** § | |
|         **Petitioner,** § | |
| § | |
| **v.** § | **Civil Action No. 4:06-CV-402-A** |
| § | |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
|         **Respondent.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Larry Butler, TDCJ-ID #1116378, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In 2002, Butler was charged by indictment with aggravated robbery with a deadly weapon

in Cause No. 0844555R in the 297th District Court of Tarrant County, Texas.  (Clerk's R. at 3.)  On July 24, 2002, a jury found him guilty of the offense, and, on July 25, 2002, the jury assessed his punishment at 38 years confinement and a $5,000 fine.  (*Id.* at 95.)  Butler appealed his conviction, but the Second Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review on January 28, 2004.  *Butler v. Texas*, No. 2-02-304-CR, slip op. (Tex. App.–Fort Worth Aug. 21, 2003). *Butler v. Texas*, PDR No. 1511-03.

Butler subsequently filed three state applications for writ of habeas corpus, raising one or more of the issues presented.  The first was dismissed by the Texas Court of Criminal Appeals for noncompliance with state appellate rules.  *Ex parte Butler*, State Habeas Application No. WR-57,153-02, at cover. The second was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court.  *Ex parte Butler*, Application No. WR-57,153-04, at cover. The third was dismissed.  *Ex parte Butler*, Application No. WR-57,153-05, at cover.  *See also* http://www.cca.courts.state.tx.  Butler filed this federal petition for writ of habeas corpus on June 6, 2006.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).

### D.  ISSUES

Butler raises the following grounds for relief:

   (1)   The jury was unconstitutionally selected and empaneled and counsel was ineffective by failing to timely assert a *Batson* challenge (grounds one and two);

   (2)   There was no evidence or insufficient evidence to support his conviction (ground three);

   (3)   His sentence is illegal and unauthorized by statute (ground four);

2

  (4) Evidence was improperly admitted (grounds five, six, seven, ten, eleven, thirteen, fifteen, and sixteen);

  (5) The jury charge misstated the law relevant to his case (grounds eight, nine, twelve, and fourteen);

  (6) The indictment was defective (grounds seventeen and eighteen); and

  (7) The state engaged in malicious prosecution (ground nineteen). (Petition at 7-8 & Attachment.)

### E. RULE 5 STATEMENT

Quarterman contends that Butler has failed to exhaust one or more of his claim and that the claims are procedurally barred from federal review. (Resp't Answer at 4-7.) 28 U.S.C. § 2254(b)-(c).

### F. DISCUSSION

#### 1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it

3

correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *See Barrientes v. Johnson*, 221 F.3d 741, 779-80 (5th Cir. 2000); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. *Batson* Claim

Butler, who is African-American, claims the state unconstitutionally used peremptory strikes to remove all the prospective African-American jurors on discriminatory grounds. (Pet'r Amended Brief at 1.) In *Batson v. Kentucky*, 476 U.S. 79 (1986), the Supreme Court outlined the methodology for evaluating a claim that jurors were improperly stricken based on their race. Initially, the defendant must make a prima facie showing that the challenged strike has been employed in a racially discriminatory manner. Once this showing has been made, the prosecutor must articulate race-neutral selection criteria. The district court then must determine whether the defendant has established purposeful racial discrimination. *Id.* at 93-98.

Here, Butler's counsel confessed error in failing to timely raise a *Batson* challenge. (4Reporter's R. at 2.) Nevertheless, the state asserted that it exercised peremptory strikes against all three potential African-American jurors on the basis that each had indicated on their

4

questionnaires that the primary objective of punishment was rehabilitation, and the state would be seeking a lengthy prison sentence for Butler. (*Id.* at 3-4.) The state further asserted that it had exercised peremptory strikes against two other potential jurors, a Hispanic and a Caucasian, for the same reason. (*Id.* at 3-5.) Because Butler presented no evidence concerning the original venire, the racial composition of the final jury panel, or venirepersons who were targets of peremptory challenges, the state appellate court determined that the record was insufficient to support a *Batson* claim. (*Id.* at 155.) *Butler*, No. 2-02-304-CR, slip op. at 9-12.  Then and now, Butler presents no evidence to refute the state's given reason, which is racially neutral and supported by the record. *See Victor v. Texas*, 995 S.W.2d 216, 222 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd). Indeed, the state's proffered reason for striking the African-American panelists was applied to Hispanic and Caucasian panelists as well, which tends to negate purposeful discrimination. *See Miller-Elk v. Dretke*, 545 U.S. 231, 241 (2005).

Further, Butler's conclusory allegations of a valid but omitted *Batson* claim are insufficient to demonstrate prejudice under the familiar *Strickland* attorney-performance standard. Although counsel confessed error on his part, Butler must still show he was prejudiced by counsel's omission. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Butler asserts that he was prejudiced because there were no African-Americans on the jury to weigh and evaluate the testimony from their personal and social point of view. (Pet'r Amended Brief at 1.) Although the Sixth Amendment guarantees that a jury will be selected from a pool of names representing a cross-section of the community, the Supreme Court has expressly declined to hold that the jury which is actually chosen must mirror the community and reflect the various distinctive groups in the population. *Batson*, 476 U.S. at 79 ( quoting *Taylor v. Louisiana*, 419 U.S. 522, 538 (1975)). Stark numbers, alone, do not

establish racial discrimination. *See Murphy v. Dretke*, 416 F.3d 427, 438 (5th Cir. 2005). Indeed, the state appellate court noted that the "ethnic stereotyping implied in [Butler's] argument flies in the face of *Batson*'s basic premise that the Fourteenth Amendment tolerates no assumption about juror competence or impartiality, or the lack thereof, on account of race." *Butler*, No. 2-02-304-CR, slip op. at 11-12. Thus, in the absence of evidence that as a result of counsel's untimely *Batson* challenge, Butler was prejudiced–i.e., that he was forced to accept an objectionable juror or that the jury was incapable of providing the impartial tribunal necessary to ensure proper functioning of the adversarial process, the state court rejected Butler's ineffective assistance claim. Butler has not demonstrated that this decision was an objectively unreasonable application of the *Strickland* standard.

### 3. Sufficiency of the Evidence

Butler claims there was no evidence or legally and factually insufficient evidence that he committed the offense of theft. Ergo, he argues there being no theft, there was no robbery. (Pet'r Amended Brief at 3.)

A factual insufficiency claim is not cognizable on federal habeas corpus review. *Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002). In challenges to state convictions under § 2254, only the legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979), need be satisfied. Under this standard, a federal court must consider whether, viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt. *Id.*

Based on the record of the testimony of James Kim and Chiahao Shen, Butler, a regular customer, entered the 18 Hour Food Mart on December 15, 2001, attempted to leave the store

6

without paying for a package of corn nuts, threatened Shen with a knife when confronted, and struggled with Shen. (4Reporter's R. at 35-103; 5Reporter's R. at 3-25.) During the struggle, a bag of corn nuts fell out of Butler's pocket. Still threatening Shen with the knife, Butler grabbed another package of corn nuts and left the store. The events were recorded on videotape by the store's security camera, and police officers testified that, when arrested near the store a short time later, Butler was in possession of a beer, a package of corn nuts, and a knife. (4Reporter's R. at 50-5Reporter's R. at 52-97.)

In light of the evidence, the state appellate court concluded that the evidence was legally and factually sufficient to prove the element of theft. *Ex parte Butler*, State Habeas Application No. 57,153-02 at 107. In turn, the Texas Court of Criminal Appeals also rejected Butler's sufficiency claim by refusing his petition for discretionary review. *Ex parte Butler*, State Application No. 57,153-04, at cover. This was an adjudication regarding the merits of the claim. Having conducted an independent inquiry as to sufficiency under the *Jackson* standard, the state courts' disposition of the legal sufficiency-of-the-evidence claim appears consistent with *Jackson*.

### 4. Illegal Sentence

Butler claims that the jury charge erroneously instructed the jury that it could assess a fine in addition to a prison sentence and that the jury's verdict on punishment is illegal and void because the $5,000 fine is not authorized by statute. (Petition at 8; Pet'r Amended Brief at 6-10-11.) The state habeas court rejected this claim because, as a matter of state statutory law, § 12.42(c)(1) of the Texas Penal Code, applicable to Butler, expressly authorizes a fine of up to $10,000. (State Habeas

7

R. at 163.)  TEX. PENAL CODE ANN. § 12.42(a)(2) (Vernon Supp.2006).[1]  The definition and classification of criminal offenses and the provision of punishments for violations generally lies within the sound discretion of the state legislature, provided no federal constitutional violation is implicated.  *See Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996); *Perkins v. Cabana*, 794 F.2d 168, 169 (5th Cir. 1986).  Although Butler raises vague arguments, he fails to demonstrate how the state court's ruling implicates a federal constitutional violation.

### 5.  Evidentiary and Jury Charge Error

Butler claims evidence was improperly admitted under the Texas Rules of Evidence and complains of the following evidence admitted during the guilt/innocence phase of his trial:  (1) evidence of an extraneous unadjudicated offense, (2) the knife, (3) the store videotape, (4) hearsay statements from a police officer(s), and (5) his prior conviction.  (Pet'r Amended Brief at 4-10.) Butler also claims the jury charge misstated the law relevant to his case.  (*Id.* at 6-7.)  Specifically, he complains the charge incorrectly instructed the jury that a knife is a deadly weapon because a pocket knife cannot be considered a deadly weapon per se.

These claims, raised for the first time in Butler's state habeas application(s), are unexhausted and procedurally barred.  Under Texas law, claims that could have been raised on direct appeal but were not cannot be raised in state habeas proceedings.  (State Habeas R. at 155-58.)  The Texas

---

[1]The statute provides, in relevant part:

>   (c)(1) Except as provided by Subdivision (2), if it is shown on the trial of a first-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 15 years.  *In addition to imprisonment, an individual may be punished by a fine not to exceed $10,000.*  (Emphasis added)

Court of Criminal Appeals has noted that even constitutional claims are forfeited if the applicant had the opportunity to raise the issue on appeal. *See Ex Parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004). This rule sets out an adequate state ground capable of barring federal habeas corpus review. *See Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004).

### 6. Defective Indictment

Butler claims the indictment was defective by failing to allege essential elements of the offense. (Pet'r Amended Brief at 16-17.) Federal habeas relief is not available for deficiencies in a state indictment unless it can be shown that the indictment is so defective that it deprived the state court of jurisdiction. *See McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994); *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985). State law dictates whether a state indictment is sufficient to confer jurisdiction on a court. *See Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994); *McKay*, 12 F.3d at 69. Where the state courts have held that an indictment is sufficient under state law, a federal court need not address this issue. *See McKay*, 12 F.3d at 68. Since the state courts denied relief on Butler's indictment claims, federal habeas corpus relief is foreclosed. *See Alexander*, 775 F.2d 595 at 599.

### 7. Malicious Prosecution

Butler claims the state engaged in malicious prosecution and use of perjured testimony. (Pet'r. Amended Brief at 19.) Butler presented no evidence, in state court or in this court, to substantiate these claims. (State Habeas R. at 159, 165.) Absent evidence in the record, a federal court cannot consider a habeas petitioner's bald assertions on a critical issue, unsupported by anything contained in the record, to be of probative evidentiary value. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Furthermore, to show malicious prosecution Butler must show that the

criminal case terminated in his favor. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Butler cannot show that his criminal case ended in his favor.

## II.  RECOMMENDATION

Butler's petition for writ of habeas corpus should be DENIED. All motions not previously ruled upon should be DENIED.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 27, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 27, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 6, 2007.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE